**TJAARDA**

v.

**BRIGGS MFG. CO.**

Civ. A. No. 13117.

United States District Court
E. D. Michigan, S. D.
March 12, 1954.

Watson, Lott & Wunsch and Harrison T. Watson, Detroit, Mich., for plaintiff.

Beaumont, Smith & Harris and Percy J. Donovan, Detroit, Mich., for defendant.

THORNTON, District Judge.

The Court has before it plaintiff's motion to remand this cause to the Circuit Court for the County of Wayne, State of Michigan. Both parties are citizens of the State of Michigan, and the sole ground for removal from the State court to this court is defendant's contention that this is a case arising under the patent laws of the United States. The sole ground for remand is plaintiff's contention that this is a contract action between citizens of the same state and, therefore, without Federal jurisdictional basis.

The declaration of plaintiff originally filed in State court sets forth in the first five counts that the plaintiff declares against the defendant in assumpsit. In the sixth and last count the plaintiff declares against the defendant in trespass on the case for fraud. Attached to the declaration is Exhibit A entitled, "Employee's Patent Agreement," which reads as follows:

"Employee's Patent Agreement

"In consideration of One Dollar ($1.00) and other good and valuable considerations, the receipt whereof by me is hereby acknowledged, and the salary and wages paid to me by Briggs Manufacturing Company, of Detroit, Michigan, a Michigan corporation, and/or its subsidiary or controlled companies (which are hereinafter called 'said Corporation'), I do hereby covenant and agree to and do hereby assign, transfer and convey to said Corporation, its successors and assigns, the entire title, right and interest in and to any and all inventions which during my employment with said Corporation, its successors and assigns, are conceived or made by me, either solely or jointly with others, and which relate to automotive vehicles, including automobiles, vehicle bodies, railway cars and airplanes; heating and plumbing apparatus and articles, household appliances, stamped or pressed metal articles and devices, refrigerating and air conditioning apparatus and cabinets, building and structural arts and engines; parts and accessories for and materials useful in connection with the foregoing; also machines, tools, devices and/or processes useful in connection with or in the manufacture of the foregoing, or useful to said Corporation in the carrying on of its business, as well as the entire right, title and interest in and to any and all United States and foreign Letters Patent and applications for Letters Patent covering any and all of said inventions; and I further agree to promptly and fully disclose said inventions to said

Corporation and to perform all acts and execute and deliver upon request, without further consideration but without expense to me, any and all papers and documents, including applications for patents and assignments of the same as may be deemed necessary or desirable by the said Corporation, its successors and assigns, to enable said Corporation, its successors or assigns, to secure and enjoy the full benefits and advantages thereof.

"Signed at Detroit, County of Wayne, State of Michigan, this 31st day of October, 1935.

/sgd/ (John Tjaarda) Employee

"Witnesses:

Hubert E. Hinz

"In order to develop a spirit of cooperation and to specifically recompense the above employee for meritorious inventions, said Corporation, in consideration of One Dollar ($1.00) and other good and valuable considerations, the receipt whereof is hereby acknowledged, agrees on its part to examine the inventions disclosed to it by said employee, and where said inventions, in the sole opinion of said Corporation, warrant such action, to cause United States patent applications to be filed through its attorneys covering the same, but without assuming any responsibility for the prosecution or defense of such patent applications, and further agrees to give unto said employee in any cases where it decides to license said inventions, applications or patents to others, a percentage of any money royalties which it may receive from such licenses upon the following scale:

"Of the first $1,000.00 or part thereof collected in any one calendar year—40%

"Of the next $2,000.00 or part thereof collected in any one calendar year—30%

"Of the next $2,000.00 or part thereof collected in any one calendar year—20%

"Of the next $5,000.00 or part thereof collected in any one calendar year—15%

"Of all further sums collected in any one calendar year—10%

"It is understood and agreed, however, that the question of when, how and to whom licenses shall be granted shall be in the sole discretion of said Corporation, and that in cases where said Corporation shall grant licenses involving, in addition to said employee's inventions, the inventions of others, the Corporation shall have the sole right and authority to apportion the royalties received and employee shall receive the above percentage on the proportion awarded to his inventions.

"Done this 31st day of October, 1935.

"Briggs Manufacturing Company

By /s/ L. A. Lark

Secretary"

In the first five counts above mentioned, plaintiff sets forth the background giving rise to the agreement—Exhibit A—and further alleges breach of said agreement by the defendant in numerous respects for all of which plaintiff claims money damages. Count VI contains the added allegation of fraud in the inducement. The subject matter of the agreement herein is obviously patent rights. Defendant contends that the issues necessarily involved will include validity and infringement, and that, therefore, this is a case arising under the patent laws.

We have listened carefully to the arguments of counsel and studied the briefs submitted in an effort to determine the one narrow question here presented. The many cases cited by both sides illustrate the rule for making the determination but, as is not unusual, it is the particular situation presented in each case that must control. For the most concise statement of the law applicable hereto, we wish to quote from Annotation 167 A.L.R. 1114 at page 1118:

"Correct Rule.

"The key to the correct rule is the distinction between a 'case' arising under the patent laws and a 'question' arising under those laws. Pratt v. Paris Gas Light & Coke Co., 1897, 168 U.S. 255, 18 S.Ct. 62, 42 L.Ed. 458.

"Reduced to its lowest terms, the correct rule is that if the plaintiff founds his suit directly on a breach of some right created by the patent laws, he makes a case arising under those laws and only a Federal court has jurisdiction; but if he founds his suit on some right vested in him by the common law, or by general equity jurisprudence, he makes a case arising under state law and only a state court has jurisdiction. In this respect it is to be remembered that there is no Federal common law or equity law. These are the juridical attributes of the localities. Their principles, when administered in a Federal court, are derived from the respective peoples of the states. A case founded on a principle of tort, contract, or equity law is a case arising under state law. And whichever court has jurisdiction by reason of the nature of the cause of action advanced by the plaintiff, that court may decide such issues as arise incidentally to a decision. If a plaintiff sues in a Federal court for infringement, and the defendant sets up rights under a contract, the court may reach its conclusion upon an issue of contract law. If the plaintiff sues in a state court for breach of a contract, the state court may decide an issue raised as to the validity or coverage of a patent, and even submit a question of priority to a jury. If the action be for breach of a contract to sell the plaintiff a valid patent, the state court may decide the validity of the patent. This is the almost universal rule."

We should also like to call attention to the balance of this section of the annotation and, in particular, to the following sentence:

"The result is that the plaintiff often has an election as to which court he will resort to, depending on the ground on which he places his case." 167 A.L.R. at page 1119.

In the instant case we are persuaded that the plaintiff has planted his case squarely on rights vested in him by the common law, not merely by virtue of the nomenclature employed, i. e., assumpsit and trespass on the case, but by virtue of the substantive content inherent in his complaint. We are not impressed with the attempt of defendant to sustain Federal jurisdiction by emphasizing the patent aspects of the subject matter which appear to us to be contingent upon the contract itself without the existence of which this action could not be maintained.

It is the opinion of this Court that the plaintiff's motion for remand should be granted, and an order may be presented accordingly.