IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
July 21, 2009 Session

**JOSEPH R. GRIFFIN**

**v.**

**CROMPTON CORPORATION, UNIROYAL CHEMICAL COMPANY, INC., BAYER AG, BAYER CORPORATION, BAYER POLYMERS LLC, RHEIN CHEMIE CORPORATION, DOW CHEMICAL COMPANY, and BASF CORPORATION**

**Appeal from the Circuit Court for Shelby County**
**No. CT-002450-04     Jerry Stokes, Judge**

———————

**No. W2008-02669-COA-R3-CV - Filed December 14, 2009**

———————

This appeal involves competing class action lawsuits. The plaintiff/appellant filed a lawsuit in Tennessee on behalf of similarly situated consumers in Tennessee, asserting antitrust claims against various urethane manufacturers. Meanwhile, a separate class action was filed in Florida against some of the same manufacturers, asserting similar misconduct throughout the United States. The class in the Florida lawsuit included consumers in twenty-five states, including Tennessee. The Florida litigation settled, and the Florida court approved a plan to provide notice of the pending settlement to all class members. The notice plan did not include individual notice to the Tennessee plaintiff. The Florida notice plan was implemented. The Florida court then entered an order approving the settlement, finding that the notice plan satisfied the requirements of due process and gave class members the best notice practicable under the circumstances. Subsequently, in the instant Tennessee proceedings, the manufacturers filed a motion for summary judgment, asserting that the doctrine of *res judicata* prohibited relitigation of the matters settled in the Florida case. The trial court granted summary judgment in favor of the defendant manufacturers. The plaintiff/appellant appeals, arguing that the Florida notice was insufficient because he did not receive individual actual notice. We affirm, finding that the Tennessee lawsuit is barred by the doctrine of *res judicata*.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which DAVID R. FARMER, J., and J. STEVEN STAFFORD, J., joined.

B.J. Wade, Memphis, Tennessee, and William M. Audet, San Francisco, California, for the Plaintiff/Appellant Joseph R. Griffin

James D. Wilson, Memphis, Tennessee, and Lawrence D. Rosenberg, Washington, District of Columbia, for the Defendants/Appellees Bayer Corporation, Bayer MaterialScience LLC f/k/a Bayer Polymers LLC, and Rhein Chemie Corporation

## OPINION

### FACTS AND PROCEEDING BELOW

Some time prior to 2004, government agencies in the United States, Canada, and the European Union began investigating possible price-fixing and other collusive behavior by manufacturers of urethane and urethane chemicals, used to manufacture a wide variety of products, such as tires, furniture, packaging materials, apparel, and footwear. The investigations spawned numerous class action lawsuits throughout the United States.

On April 28, 2004, Plaintiff/Appellant Joseph R. Griffin ("Griffin") filed the instant lawsuit against Defendants Crompton Corporation, Uniroyal Chemical Company, Inc., Bayer AG, Bayer Corporation, Bayer Polymers LLC,[1] Rhein Chemie Corporation, Dow Chemical Company, and BASF Corporation (collectively "Manufacturers"). Griffin's complaint asserted that the Manufacturers engaged in a "conspiracy . . . to fix, raise, maintain and stabilize the prices of urethane and urethane chemicals sold in the state of Tennessee at supra-competitive levels," and alleged violations of the Tennessee Trade Practices Act,[2] violations of the Tennessee Consumer Protection Act,[3] and common law monopolization. The lawsuit was filed as a class action in which Griffin sought to represent a class of "[a]ll natural persons in the State of Tennessee who indirectly purchased urethane and urethane chemicals manufactured by [the Manufacturers] at any time during the period January 1, 1994, to the present." The class was not immediately certified, and discovery ensued.

Meanwhile, a similar class action was filed in Florida on behalf of indirect purchasers of urethane products, styled **Plum, et al. v. Bayer AG, Bayer Corporation, and Bayer MaterialScience LLC**. The Florida complaint alleged that the defendants, manufacturers of urethane and urethane chemicals, had engaged in a "conspiracy . . . with the deliberate purpose and effect of fixing, raising, maintaining and stabilizing the prices" of urethane chemicals sold in Florida and throughout the United States. The class in **Plum** included purchasers from approximately twenty-five states, including Tennessee.

---

[1] From the record, it appears that during the course of the proceedings Bayer Polymers LLC later became known as "Bayer MaterialScience LLC." For the sake of clarity, this opinion uses the latter name in reference to this entity.

[2] Tennessee Code Annotated § 47-25-101, *et seq.*

[3] Tennessee Code Annotated § 47-18-101, *et seq.*

Shortly thereafter, a settlement was reached in *Plum* in which the plaintiff class agreed to release *inter alia* Bayer AG, Bayer Corporation, Bayer MaterialScience LLC, and Rhein Chemie Corporation (collectively "Bayer defendants") from any and all claims related to the indirect purchase of urethane chemicals. The Bayer defendants, named in both the Tennessee and Florida lawsuits, were represented by the same law firm in both proceedings.

In an order entered July 10, 2007, the Florida court in *Plum* granted preliminary approval of the settlement, conditionally certified the class for that purpose, and appointed a notice administrator to supervise a plan to provide notice of the pending settlement to all class members. The Florida notice plan consisted of the following: publication in the national editions of USA Today and the New York Times; publication online for four consecutive weeks in the USA Today website; and publication through the creation and maintenance of a specific settlement website that was registered with multiple Internet search engines. The Florida notice plan did not require that individual notice be sent to Griffin or any other class members. The notice plan was implemented, but apparently Plaintiff/Appellant Griffin remained unaware of the Florida settlement.

After notice was given in accordance with the Florida notice plan, the Florida court in *Plum* held a "Final Approval Hearing" to consider the fairness, reasonableness, and adequacy of the proposed settlement. Approximately a week later, on October 15, 2007, the Florida court entered an order granting final approval of the settlement. In the order, the Florida court in *Plum* found that the notice given to the class complied with the Florida Rules of Civil Procedure, "satisfied the requirements of due process, was the best notice practicable under the circumstances, and constituted due and sufficient notice" of the settlement agreement.

Meanwhile, in Tennessee, the case at bar was still pending. During the interim, Griffin's claims against Defendants Dow Chemical Company and BASF Corporation were voluntarily dismissed. Defendants Crompton Corporation, Uniroyal Chemical Company, Bayer Corporation, Bayer MaterialScience LLC, and Rhein Chemie Corporation unsuccessfully sought dismissal for failure to state a claim. Later, Griffin's claims against Crompton Corporation and Uniroyal Chemical Company, Inc., were dismissed in an agreed order. The Tennessee litigation remained pending against Defendants/Appellees Bayer Corporation, Bayer MaterialScience LLC, and Rhein Chemie Corporation.

Subsequently, after the Florida court in *Plum* entered the order granting final approval of the Florida settlement, Bayer Corporation, Bayer MaterialScience LLC, and Rhein Chemie Corporation filed a motion for summary judgment, asserting that the *Plum* settlement order barred Griffin's claim. In response, Griffin asserted, *inter alia*, that he did not receive adequate notice of the class settlement in *Plum*, and therefore his claims were not barred. Finding that the *Plum* judgment satisfied due process and was entitled to full faith and credit, the trial court granted the motion for summary judgment. Griffin now appeals.[4]

_____

[4]The record indicates that the trial court did not adjudicate Griffin's claim against Bayer AG. In oral argument on appeal, counsel for both parties indicated that Bayer AG was never served with process and had never appeared in the matter. Until a party is served or makes an appearance, it is not considered a party for the purposes of an appealable

(continued...)

-3-

## ISSUE ON APPEAL AND STANDARD OF REVIEW

Slightly rephrased, Griffin raises the following issue on appeal: whether the trial court erred in granting summary judgment and holding that his cause of action was barred by the common law doctrine of *res judicata* and by Article IV, Section 1 of the U.S. Constitution, when individual notice of the proposed settlement was not given to him, as an identified plaintiff and member of the class. The Defendants/Appellees contend that the issues before this Court on appeal are whether the Florida judgment is entitled to full faith and credit under Article IV, Section 1 of the U.S. Constitution and thus not subject to collateral attack in Tennessee, and, in the alternative, whether the notice provided in the Florida litigation satisfied the requirements of due process as to absent class members such as Griffin.

The decision to grant full faith and credit to a judgment from the court of another state is a question of law. *First State Bank of Holly Springs, Miss. v. Wyssbrod*, 124 S.W.3d 566, 573 (Tenn. Ct. App. 2003). Similarly, the determination as to whether a prior judgment has *res judicata* effect is a question of law. *Tareco Props., Inc. v. Morriss*, No. M2002-02950-COA-R3-CV, 2004 WL 2636705, at *12 n.20 (Tenn. Ct. App. Nov. 18, 2004) (citing *Morris v. Esmark Apparel, Inc.*, 832 S.W.2d 563, 566 (Tenn. Ct. App. 1991)). As such, our review is *de novo* with no presumption of correctness afforded to the trial court's decision. *Lacy v. Cox*, 152 S.W.3d 480, 483 (Tenn. 2004) (citing *S. Constructors, Inc. v. Loudon Bd. of Educ.*, 58 S.W.3d 706, 710 (Tenn. 2001); *Presley v. Bennett*, 860 S.W.2d 857, 859-60 (Tenn. 1993)).

## ANALYSIS

On appeal, Griffin argues that the trial court erred in granting summary judgment on the basis of *res judicata* and the full faith and credit clause of the United States Constitution, because he did not receive actual notice of the pending settlement in the Florida court in *Plum*. He maintains that Rule 23 of the Tennessee Rules of Civil Procedure[5] and its counterpart in the Florida Rules of Civil Procedure[6] require individual, actual notice in this case. Griffin emphasizes that the same law firm

---

[4](...continued)
final judgment. *See Griswold v. Income Properties, II*, 880 S.W.2d 672, 677-78 (Tenn. Ct. App. 1993) (citing *Fidelity Sav. & Loan Ins. Corp. v. Tullos-Pierremont*, 894 F.2d 1469, 1475 (5th Cir. 1990); 59 AM. JUR. 2D *Parties* § 8 (1987)). Therefore, this Court has subject matter jurisdiction.

[5] Rule 23 provides in pertinent part: "In any class action maintained under 23.02(3), the court shall direct to the members of the class the best notice practicable under the circumstances, including publication when appropriate or individual notice to all members who can be identified through reasonable effort." TENN. R. CIV. P. 23.03(2).

[6] The pertinent Florida rule provides:

As soon as is practicable after the court determines that a claim or defense is maintainable on behalf of a class, notice of the pendency of the claim or defense shall be given by the party asserting the existence of the class to all the members of the class. The notice shall be given to each member of the class who can be identified and located through reasonable effort and shall be given to the other members of the class in the manner determined by the court to be most practicable under the

(continued...)

represented the Bayer defendants in both the Florida litigation in *Plum* and in the case at bar, and thus individual actual notice to him, and not just notice by publication, would have been practicable under the circumstances.

The Full Faith and Credit Clause of the United States Constitution mandates that " '[f]ull faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state.' " ***Trustmark Nat'l Bank v. Miller***, 209 S.W.3d 54, 56 (Tenn. Ct. App. 2006) (quoting U.S. CONST. art. IV, § 1). "The full faith and credit clause requires that the common law doctrine of *res judicata* be applied in one state to a judgment rendered in another state to the same extent that it applied in the state of its rendition." ***Wyssbrod***, 124 S.W.3d at 573 (quoting ***Coastcom, Inc. v. Cruzen***, 981 S.W.2d 179, 181 (Tenn. Ct. App. 1998)). The doctrine of *res judicata* bars "a second suit between the same parties or their privies on the same cause of action, with respect to all the issues which were (or could have been) litigated in the former suit." ***Id.*** at 573-74 (quoting ***Sweatt v. Tenn. Dep't of Corrs.***, 88 S.W.3d 567, 569 (Tenn. Ct. App. 2002)).

In this appeal, Griffin argues that the notice given in the Florida litigation was insufficient insofar as it did not include individual, actual notice to him. In the order granting final approval of the Florida settlement, the *Plum* court explicitly considered, and resolved, this issue:

> The Court finds that the form and method of notice given to the Settlement Class, including extensive notice by publication through national publications, complied with the requirements of Fla. R. Civ. P. 1.220(e), satisfied the requirements of due process, was the best notice practicable under the circumstances, and constituted due and sufficient notice of the Settlement Agreement and its terms, Final Approval Hearing, and other matters referred to in the notice. The notice given to the Settlement Class was reasonably calculated under the circumstances to inform them of the pendency of the actions involved in this case, of all material elements of the proposed settlement, and of their opportunity to exclude themselves from, object to, or comment on the settlement and to appear at the Final Approval Hearing.

This Court's decision in ***First State Bank of Holly Springs, Miss. v. Wyssbrod***, 124 S.W.3d 566 (Tenn. Ct. App. 2003), involved dissimilar facts but is nevertheless instructive. In *Wyssbrod*, a Mississippi court entered a judgment against the appellant, a Tennessee attorney. The attorney appealed the judgment to the Mississippi Supreme Court, and that Court affirmed the award against the attorney. ***Id.*** at 570-71. Thereafter, a petition was filed in Tennessee to enroll and enforce the Mississippi judgment. ***Id.*** at 571. Over the objection of the appellant attorney, the Tennessee trial court enrolled the Mississippi judgment.

On appeal to this Court, the appellant attorney asserted that the Mississippi trial court lacked personal and subject matter jurisdiction and that insufficiencies in the service of process in the

---

[6](...continued)
circumstances.

FLA. R. CIV. P. 1.220(d)(2).

Mississippi case violated due process. *Id.* at 574. In affirming the enrollment of the judgment, this Court noted that the issues raised in the Tennessee appeal had been explicitly addressed and considered by the Mississippi Supreme Court. *Id.* This Court then held that the appellant attorney's Tennessee appeal was barred by the doctrine of *res judicata*. *Id.* at 575.

In the instant appeal, the Florida court in **Plum** explicitly addressed the issue of the adequacy of the notice provided to all class members, including Griffin. The doctrine of *res judicata* bars reconsideration of these issues by Tennessee courts. **See Epstein v. MCA, Inc.**, 179 F.3d 641, 648 (9th Cir. 1999) (noting that absent class members' due process rights are protected by the certifying court initially, and thereafter by direct appeal within that state's judicial system). Therefore, we find no error in the trial court's grant of summary judgment in favor of Defendants Bayer Corporation, Bayer MaterialScience, LLC, and Rhein Chemie Corporation.

## CONCLUSION

The decision of the trial court is affirmed. The costs of this appeal are taxed to the Appellant Joseph R. Griffin, and his surety, for which execution may issue if necessary.

_____
HOLLY M. KIRBY, JUDGE