IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
December 7, 2022 Session

## MANTIS FUNDING LLC v. BUY WHOLESALE INC. ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 21C280      Thomas W. Brothers, Judge**

___

### No. M2022-00204-COA-R3-CV

___

Plaintiff filed a petition to have a New York confession of judgment enrolled as a judgment in Tennessee. Defendant claimed the Tennessee circuit court had no jurisdiction because the confession of judgment was not permitted by Tennessee law, violated Tennessee public policy, and was fraudulent and usurious. The trial court enrolled the judgment. Defendant appealed. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which W. NEAL MCBRAYER and JEFFREY USMAN, JJ., joined.

John Martin Drake, Sterrett, Alabama, for the appellants, Buy Wholesale, Inc., and John K. Adams.

Ronald Charles Miller, Maryland Heights, Missouri, for the appellee, Mantis Funding LLC.

### OPINION

#### FACTUAL AND PROCEDURAL BACKGROUND

This case began on February 21, 2021, when Mantis Funding LLC ("Mantis") filed in Davidson County to enroll a New York judgment against Buy Wholesale, Inc. and John K. Adams pursuant to the Uniform Enforcement of Foreign Judgment Act. Attached to the filing was a "Judgment by Confession" signed by Mantis's attorney and entered in New York on July 11, 2018. The amount confessed was $27,996.23, including filing fees, costs, attorney's fees and interest and deducting payments made. Also attached to Mantis's filing was an "Affidavit of Facts, Constituting the Claim and the Amount Due," and an "Attorney's Affirmation" concerning attorney's fees.

The "Affidavit of Facts," from Kathleen Fink, a manager employed by Mantis, explains the background of this action. The Confession of Judgment was signed May 30, 2018. Mr. Adams signed a contract with Mantis through which Mantis supplied $20,000 to Buy Wholesale, Inc. in exchange for $29,000 in future receipts. Mr. Adams signed a personal guarantee of the obligation. Mantis received a total of $3,990 before the defendants defaulted by failing to pay pursuant to the agreement. Mantis went to court in the Supreme Court of the State of New York, County of Nassau[1] and used the confession of judgment to receive a judgment of $27,813.84.

On April 21, 2021, after Mantis filed in Davidson County Circuit Court to enforce the foreign judgment,[2] Mr. Adams filed a "Motion Objecting to Foreign Judgment" arguing that he had filed a motion to vacate the judgment in New York and that the New York court had not ruled on his motion. Mantis replied that the New York judgment was valid until "otherwise determined" and should be enrolled as a Tennessee judgment. On January 12, 2022, the trial court entered an order reserving ruling on the motion until the parties could file an order from the New York court "showing the Court's disposition on Defendant's Motion to Vacate." On February 3, 2022, Mantis filed an order from the New York court denying Mr. Adam's motion to vacate the judgment and enforcing the confession of judgment in the amount of $27,966.23. On February 7, the trial court issued an order denying Mr. Adam's motion objecting to the foreign judgment and determining that "the New York judgment is entitled to full faith and credit in Tennessee pursuant to the Constitution of the United States of America."[3] The trial court decided the case on the pleadings. No party complains about this or objects to the manner in which the trial court proceeded. Mr. Adams appealed.

ANALYSIS

No facts in the record appear to be in dispute. Consequently, the trial court's decision to give the New York judgment full faith and credit is solely a question of law which we review de novo upon the record with no presumption of the trial court's correctness. *Cap. Partners Network OT, Inc., v. TNG Contractors*, LLC, 622 S.W.3d 227, 231 (Tenn. Ct. App. 2020).

"Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State." U.S. Const. art. IV, § 1. Two of the defendant's

---

[1] The Supreme Court is the trial court in the State of New York.

[2] A "foreign judgment" is "any judgment, decree, or order of a court of the United States or of any other court which is entitled to full faith and credit in this state." Tenn. Code Ann. § 26-6-103.

[3] The trial court's order states that no oral argument took place. For some reason, the record contains a CD of the court's February 4, 2022 motion docket. This CD contains no recording of anything about this case. Because neither party cited to this CD for any legal or factual point, there is no reason to delay this appeal by asking the parties to supplement the record or explain what happened.

arguments opposing full faith and credit rest on Tenn. Code Ann. § 25-2-101, which states, in pertinent part:

> (a) Any power of attorney or authority to confess judgment which is given before an action is instituted and before the service of process in such action, is declared void; and any judgment based on such power of attorney or authority is likewise declared void.

Mr. Adams maintains that the confession of judgment violated Tenn. Code Ann. § 25-2-101 and Tennessee public policy as expressed in that statute. Both of these arguments were rejected in *Capital Partners Network OT, Inc. v. TNG Contractors, LLC*, 622 S.W.3d 227 (Tenn. Ct. App. 2020), a case which dealt with granting full faith and credit to a New York confession of judgment. Full faith and credit does not depend on Tennessee law being consistent with the law of the state where the judgment originated. Adams cites no legal authority for the proposition that it does. The Uniform Enforcement of Foreign Judgments Act, Tenn. Code Ann. §§ 26-6-101 *et seq*., does not so require, and neither does Tennessee case law. For example, although Tennessee law has opposed gambling, Tennessee courts allow enforcement of foreign state gambling debts. *Cap. Partners*, 622 S.W.3d at 234 (citing *Boardwalk Regency Corp. v. Patterson*, No. M199-02805-COA-R3-CV, 2001 WL 1613892 *3 (Tenn. Ct. App. Dec. 18, 2001)). We find the following statement from *Capital Partners* appropriate:

> The record before us shows that the foreign judgment in the case at bar is a money judgment made by a New York court in accordance with the laws of that state; that the judgment was entered in accordance with the UEFJA procedures; that Defendants were afforded the opportunity to be heard by the trial court on the merits of the defenses to enrollment and enforcement of the foreign judgment, as required by the UEFJA; and that Defendants have not raised a due process issue. Accordingly, we conclude that the New York judgment must be accorded full faith and credit.

*Cap. Partners*, at 236-37.

Mr. Adams spends approximately one-half of one page on his claim that the foreign judgment should not be enrolled because of fraud. He claims that the interest rate is actually much higher than stated by the contract with Mantis and is usurious. He also claims that the contract had a reconciliation provision that would allow him to negotiate for more favorable terms but Mantis would not comply. However, the contract between the parties is not in the record. Without the document upon which these claims are based, we cannot evaluate them. Furthermore, according to the New York court's order in the record, these issues were raised by Adams in the New York proceedings. The court found that "Adams does not submit any evidence or authority in support of his contentions." There is no evidence of an appeal of the New York decision, so the decision is res judicata. Once

decided, these issues cannot be raised in another, later case seeking to enroll the foreign judgment. *First State Bank of Holly Springs, Miss. v. Wyssbrod*, 124 S.W.3d 566, 573 (Tenn. Ct. App. 2003).

CONCLUSION

The judgment of the trial court is affirmed. Costs of this appeal are assessed against the appellant, John K. Adams, for which execution may issue if necessary.


_/s/ Andy D. Bennett_____
ANDY D. BENNETT, JUDGE