# IN THE COURT OF APPEALS OF TENNESSEE,
## AT NASHVILLE

_____

|  |  |  |
|---|---|---|
| **COASTCOM, INC.**, | ) | Williamson Chancery Court |
|  | ) | Nos. 24333 & 24353 |
| Plaintiff/Appellee. | ) |  |
|  | ) |  |
| VS. | ) | C.A. No. 01A01-9707-CH-00349 |
|  | ) |  |
| **GLEN CRUZEN, et ux, et al**, | ) |  |
|  | ) |  |
| Defendants/Appellants. | ) |  |
|  | ) |  |

_____

From the Chancery Court of Williamson County at Franklin.
**Honorable H. Denmark Bell, Chancellor**

**FILED**

May 29, 1998

**Cecil W. Crowson**
**Appellate Court Clerk**

**Glen Cruzen**, Pro Se


**James David Nave**, BAKER, DONELSON, BEARMAN & CALDWELL, Nashville, Tennessee
Attorney for Plaintiff/Appellee.


OPINION FILED:

**AFFIRMED AND REMANDED**


**FARMER, J.**

**CRAWFORD, P.J., W.S.**: (Concurs)
**LILLARD, J.**: (Concurs)

This matter emanates from three judgments which Coast Publishing, Inc., obtained against Glen Cruzen and Helen Cruzen d/b/a Image Express and Desktop Systems in the state of Florida. Coastcom, Inc. (formerly known as Coast Publishing, Inc.), brought an action in the Chancery Court of Williamson County to enforce certain judgment liens recorded in the office of the register of deeds of that county against real property owned by defendant Helen Cruzen.[1] Defendant Glen Cruzen brought a separate action titled "Claim for Fraud and Misrepresentation." The trial court treated this as an answer and counterclaim to Coastcom's complaint and consolidated the two actions. Both Coastcom and Glen Cruzen filed motions for summary judgment. The trial court granted Coastcom's motion, denied Cruzen's, and this appeal followed.

Pursuant to the Uniform Enforcement of Foreign Judgments Act, T.C.A. § 26-6-101 *et seq.*, Coastcom filed in the Chancery Court of Davidson County a petition to domesticate the first and second foreign judgments. The Cruzens were personally served with summons and responded that the Florida judgments were illegally obtained because the Florida court had improperly denied a motion for a continuance, that Coastcom had made misrepresentations to the Florida court, and that the first foreign judgment was being appealed in the state of Florida. These two actions were consolidated, and Coastcom filed a motion to enforce the foreign judgments which was granted. Coastcom then filed a writ of execution, and a writ was directed to the sheriff of Williamson County to levy on two vehicles. A temporary restraining order was granted pursuant to a motion because the Cruzens' appeal of the first Florida judgment was still pending.[2] Following an unsuccessful appeal in Florida, Mr. Cruzen, acting *pro se* and attempting to act for Ms. Cruzen as well, filed a motion pursuant to Rule 60 T.R.C.P. asking that the foreign judgments be set aside. The trial court denied that motion and granted Coastcom's motion to dissolve the injunction, thus permitting Coastcom to proceed with enforcement of the foreign judgments. Coastcom then filed in the

---

[1]Additional defendants were Scott D. Brison, Christine A. Brison, and City Federal Savings Bank. None of these defendants are parties to this appeal. The Brisons were the grantors in the deed to Helen Cruzen. She assumed a deed of trust which the Brisons had given to secure an indebtedness to City Federal Savings Bank. Glen and Helen Cruzen also executed a deed of trust given to secure an indebtedness to the Brisons simultaneous with the conveyance to Helen Cruzen.

[2]**26-6-106. Appeal or stay of judgment**. -- (a) If the judgment debtor shows the court of this state that an appeal from the foreign judgment is pending or will be taken, or that a stay of execution has been granted, the court shall stay enforcement of the foreign judgment until the appeal is concluded, the time for appeal expires, or the stay of execution expires or is vacated.

Chancery Court for Williamson County to enforce the judgment liens against the real property owned by Helen Cruzen located in that county and the trial court's order, referred to previously, is the subject of this appeal.

It appears that the position taken in the appellant's brief is that the court below should have permitted a relitigation of the Florida actions because the Cruzens were deprived of due process by the Florida courts in denying them a second continuance, in failing to notify them that a continuance had been denied, and in failing to give them proper credit.

Foreign judgments are entitled to full faith and credit. U.S. Const. art. IV, § 1. Once a foreign judgment has been enrolled, it has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying as a judgment of a court of record in Tennessee and may be enforced or satisfied in a like manner. T.C.A. § 26-6-104(c). Therefore, the grounds and procedures for vacating or reopening foreign judgments are those contained in Rule 60.02 T.R.C.P. *Biogen Distribs., Inc. v. Tanner*, 842 S.W.2d 253, 256 (Tenn. App. 1992). Parties seeking to undermine the validity of a foreign judgment must meet a "stern and heavy" burden to demonstrate that the foreign judgment should not be enforced in Tennessee. *Dement v. Kitts*, 777 S.W.2d 33, 36 (Tenn. App. 1989). The factual issues underlying the foreign judgment may not be the basis of an inquiry to deny the foreign judgment full faith and credit. *Benham v. Fisher*, 650 S.W.2d 759 (Tenn. App. 1983). We are of the opinion that each of the arguments submitted on appeal either was or could have properly been presented as a defense to the actions in the Florida court. With regard to at least one of the Florida judgments, the matter proceeded through the appellate process in the Florida judicial system. The appellant further contended that the Florida judgments were obtained by fraudulent means. Fraud is the basis for setting aside a judgment pursuant to Rule 60.02 T.R.C.P. *See also Turley v. Taylor*, 65 Tenn. 376 (1873). However, the argument presented to support the allegation of fraud is that the defendants Cruzen were not the proper parties in the Florida litigation and, by representing to the court that the Cruzens were the parties that breached the contracts with Coastcom, the plaintiff in that action perpetrated a fraud upon the Florida court. We reject this argument because the issue of whether or not the Cruzens were the proper parties was in fact presented to the Florida courts and the courts rejected that defense. The full faith and credit clause requires that the common law doctrine of *res judicata* be

applied in one state to a judgment rendered in another state to the same extent that it applied in the state of its rendition. *Atchley v. Atchley*, 585 S.W.2d 614, 616 (Tenn. App. 1978). *Res judicata* is an absolute bar to a subsequent suit between the same parties on the same cause of action, and it concludes such parties not only as to all matters that were actually put at issue and determined, but also all matters which might have been put at issue and determined. *McKinney v. Widner*, 746 S.W.2d 699, 705 (Tenn. App. 1987).

Summary judgment is appropriate in an action seeking to domesticate a foreign judgment, so long as there are no disputes as to any material fact and the movant is entitled to judgment as a matter of law. *Biogen Distribs., Inc. v. Tanner*, 842 S.W.2d 253 (Tenn. App. 1992). Although this is not an appeal of the action to domesticate the foreign judgments, but rather from an order allowing a judgment creditor to proceed with enforcement of previously recorded judgment liens, we see no reason why the same should not be applicable as long as the requirements for summary judgment provided in Rule 56.04 T.R.C.P. are met. Summary judgment is appropriate when there is no genuine issue of material fact in dispute and the moving party is entitled to judgment as a matter of law. The moving party has the initial burden of showing the absence of a genuine issue of material fact. When this burden is met, the burden shifts to the nonmoving party. *Byrd v. Hall*, 847 S.W.2d 208 (Tenn. 1993). There appears to be no genuine issue of material of fact as to the Cruzens' liability underlying the Florida judgments or that Coastcom holds judgment liens and that the foreign judgments remain unsatisfied.

The judgment of the trial court is affirmed and the costs of this cause are taxed to Mr. Glen Cruzen. In view of the result reached, we have not addressed the fact that Mr. Cruzen undertakes to represent Ms. Cruzen in this matter as well as himself, that the real estate sought to satisfy the judgment was apparently titled only in the name of Ms. Cruzen, and that there is no indication in the record that Mr. Cruzen is an attorney authorized to represent Ms. Cruzen. A default judgment was entered against Helen Cruzen in the trial court, and she did not file a notice of appeal.

_____
FARMER, J.

CRAWFORD, P.J., W.S. (Concurs)

LILLARD, J. (Concurs)