REMINGTON INVESTMENTS, )
INC., )
)
      Plaintiff/Appellee, )      Appeal No.
)      01-A-01-9809-CH-00512
v. )
)      Rutherford Chancery
RONALD S. OBENAUF and )      No. 97CV-107
ARDETH OBENAUF, )
)
      Defendants/Appellants. )
)

FILED

April 7, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

COURT OF APPEALS OF TENNESSEE

APPEAL FROM THE CHANCERY COURT FOR
RUTHERFORD COUNTY
AT MURFREESBORO, TENNESSEE

THE HONORABLE ROBERT E. CORLEW, III, CHANCELLOR

W. MITCHELL CONE
DAVID P. CAÑAS
Williams & Prochaska, P.C.
401 Church Street, Suite 2600
Nashville, Tennessee  37219


ALIX COULTER CROSS
Harwell Howard Hyne
 Gabbert & Manner, P.C.
1800 First American Center
315 Deaderick Street
Nashville, Tennessee  37238
     ATTORNEY FOR DEFENDANT/APPELLANT

AFFIRMED AND REMANDED

WILLIAM B. CAIN, JUDGE

# OPINION

This is an appeal from a grant of summary judgment by the trial court domesticating a Connecticut judgment under Tennessee Code Annotated section 26-6-101 et seq. against both defendants.

## I. The Connecticut Action

In September 1990, Connecticut Savings Bank brought suit in the Superior Court of the Judicial District of New Haven, Connecticut against Ronald S. Obenauf and Ardeth H. Obenauf on a promissory note in the amount of $34,000, executed by Ronald S. Obenauf and dated March 27, 1990. Plaintiff alleged that it was the current holder of the promissory note and that Ronald S. Obenauf had failed to make monthly payments in accordance therewith. The bank demanded judgment of the amount of the promissory note together with interest and costs. The bank further sought fees and expenses, including reasonable attorney fees, asserting that plaintiff had been harmed by the failure of the defendant to make payment on the promissory note.

A second count of the complaint adopted by reference the allegations of count one and further alleged that on January 25, 1990, Ronald S. Obenauf had transferred property at 52 Maple Avenue West, Haddam, Connecticut, to the defendant Ardeth H. Obenauf for one dollar. The bank alleged that the conveyance was fraudulent and was without substantial consideration and rendered Ronald S. Obenauf unable to pay his existing debts. This count further asserted that defendant Ardeth H. Obenauf had participated in this fraudulent transfer and that plaintiff had been damaged by the fraudulent conveyance.

The complaint then prayed for relief as follows:

"1. Damages

2. That the conveyance from Ronald S. Obenauf to Ardeth H. Obenauf be set aside and declared null and void as to the plaintiff.

3. Attorney's fees, costs and expenses.

4. Such other relief as the Court deems appropriate."

On January 10, 1991, Connecticut attorney, Brian E. Kaligian, addressed a letter to Ronald Cohen, Esquire, attorney for Connecticut Savings Bank, with copies thereof to Ronald and Ardeth Obenauf. This letter read:

> I have finally been able to reach my clients, the Obenauf's with regard to your suit on the $40,000.00 Promissory Note. In response to my inquiries regarding this matter, my clients have provided me with a copy of the $34,000.00 Commercial Promissory Note marked "PAID" by the Bank. I enclose this copy for your review. I expect that you will be filing a Withdrawal of this action and I will look forward to receiving a copy of the Withdrawal at your convenience.
>
> If you have any questions or comments regarding this matter, please do not hesitate to contact me.

On July 15, 1991, Brian E. Kaligian executed an appearance document to make him attorney of record for the defendants Ronald S. Obenauf and Ardeth H. Obenauf.

On August 6, 1991, Ann Hamilton Maher filed a "demand for disclosure of defense" pursuant to Connecticut Practice Book paragraph 236 against both defendants. Copies of these pleadings were served on Brian E. Kaligian, Esquire, attorney for the defendants.

Apparently receiving no answer, counsel for plaintiff filed a motion for default judgment pursuant to Connecticut Practice Book section 236 for the failure of the defendants to disclose a defense within the time allowed by law. Motion for default judgment was granted on October 18, 1991.

Judgment was entered against both defendants on December 18, 1991 in the amount of $41,175.75, together with costs in the amount of $629.50. No post judgment motions were filed and no appeal was perfected in the appellate courts of Connecticut.

Subsequently the Connecticut Savings Bank went into FDIC receivership.

II.  The Tennessee Domestication

In September 1995, FDIC assigned without recourse to Remington Investments, Inc. the Connecticut judgment against the defendants Obenauf.

On January 28, 1997, pursuant to Tennessee Code Annotated section 26-6-101 et seq., Remington Investments, Inc. filed a petition to domesticate the Connecticut judgment against both Ronald S. Obenauf and Ardeth H. Obenauf.

This petition, in proper statutory form, was met by a motion to stay enforcement and to vacate the Connecticut judgment filed on behalf of the defendant Ardeth Obenauf.

Mrs. Obenauf claims that the Connecticut judgment is void because:

1.     The Connecticut court did not have personal jurisdiction over her;

2.     The jurisdiction of the Connecticut court over her was limited to the value of real property located in the State of Connecticut;

3.     That the only remedy available to the bank against her was to void the alleged fraudulent transfer of property, and

4.     That the judgment against her was void for lack of notice.

Ronald Obenauf filed a similar motion to stay enforcement and vacate the judgment claiming only that the original promissory note had been marked by Connecticut Savings Bank as paid in full, thus extinguishing his liability to the bank.

These motions by the defendants were filed pursuant to Tennessee Code Annotated section 26-6-104(c) and Rules 61 and 62 of the Tennessee Rules of Civil Procedure.  On August 21, 1998, the trial court entered its summary judgment against both defendants based on a Memorandum of Opinion filed August 5, 1998.

Only defendant Ardeth Obenauf has appealed from the trial court judgment.

III.  Full Faith and Credit

The single issue presented on appeal by Ardeth Obenauf is: "Did the trial court err when it held that a Connecticut judgment for money damages against Ardeth Obenauf was valid and enforceable in Tennessee even though the judgment awards damages that were not available under the only claim pleaded against her?"

Compliance with the procedures set forth in Tennessee Code Annotated section 26-6-101 et seq. is not disputed.  Generally, Tennessee is required by Art. IV § 1 of the Constitution of the United States to give full faith and credit to this Connecticut judgment.  *Abernathy v. Chambers*, 482 S.W.2d 129 (Tenn.1972).

It is further settled:

> Foreign judgments are ordinarily entitled to full faith and credit in Tennessee's courts.  However, Tenn.Code Ann. § 26-6-104(c) states that they are subject to the same defenses and may be vacated or reopened on the same grounds and procedures used to vacate or reopen Tennessee judgments.  Thus, the grounds and procedures for vacating or reopening foreign judgments are those contained in Tenn.R.Civ.P. 60.02.
> Tenn.R.Civ.P. 60.02(3) states that a final judgment may be set aside if it is void.  Therefore, not surprisingly, the two most common circumstances when courts will refuse to give full faith and credit to a foreign judgment are when the court entering the foreign judgment had no personal or subject matter jurisdiction, *Topham v. L.L.B. Corp.*, 493 S.W.2d 461, 462 (Tenn.1973); *Benham v. Fisher*, 650 S.W.2d 759, 760 (Tenn.Ct.App.1983), and when enforcing the judgment would be contrary to Tennessee's public policy.  *In re Riggs*, 612 S.W.2d 461, 465 (Tenn.Ct.App.1980), *cert. denied*, 450 U.S. 921, 101 S.Ct. 1370, 67 L.Ed.2d 349 (1981).

*Biogen Distribs., Inc. v. Tanner*, 842 S.W.2d 253, 256 (Tenn.1992).

Tennessee and Connecticut follow the same rule that such a foreign judgment is presumed valid and the burden rests heavily upon the party assailing the judgment.  *Dement v. Kitts*, 777 S.W.2d 33, 36 (Tenn.App.1989); *Biogen*

*Distribs., Inc. v. Tanner*, 842 S.W.2d 253, 256 (Tenn.App.1992); *Packer Plastics, Inc. v. Laundon*, 570 A.2d 687 (Conn.1990).

Counsel representing both Ronald and Ardeth Obenauf made a general appearance for them in the Connecticut trial court. This general appearance by counsel is not disputed by the Appellant. Tennessee and Connecticut follow the same rule that a general appearance represents a waiver by the party to personal jurisdiction, venue and other procedural defects unless objection is made in a timely manner. *Dixie Savings Stores, Inc. v. Turner*, 767 S.W.2d 408, 410 (Tenn.App.1988); *Johnson v. Zoning Board of Appeals of Town of Branford*, 347 A.2d 53 (Conn.1974); *In re Adrien C.*, 519 At.2d 1241 (Conn.App.Ct.1987).

Thus, the record in Tennessee clearly shows that the Superior Court of the Judicial District of New Haven, Connecticut had personal jurisdiction over both Ronald and Ardeth Obenauf. Both had ample opportunity to defend the suit in Connecticut. Both had ample opportunity to appeal the adverse Connecticut judgment. Both declined to do so and the time for appeal expired under Connecticut law. The main complaint by Ardeth Obenauf on this appeal is that the judgment in Connecticut is void as being beyond the scope of the Connecticut pleadings. This objection was never raised in the Connecticut court and even if properly asserted in Connecticut is of dubious validity. The Connecticut complaint seeks "damages" against both parties without limiting such relief to the first count of the complaint. The Connecticut complaint has a prayer for general relief applicable to both counts of the complaint, not just the first count. The scope of relief allowable under such prayers is a matter that addresses itself to the Connecticut court and the failure of Ardeth Obenauf to litigate this issue in Connecticut, following a general appearance in the case, is clearly a waiver of the issue. She is in much the same position as were the defendants in *Coastcom, Inc. v. Cruzen*, 981 S.W.2d 179 (Tenn.App.1998), which is controlling in this appeal. In *Coastcom, Inc.*, judgments were entered in Florida and domesticated in the Chancery Court of Williamson County. In sustaining the res judicata effect of the Florida judgments, the Court of Appeals through Judge Farmer held:

Foreign judgments are entitled to full faith and credit.

> U.S. Const. art. IV, § 1. Once a foreign judgment has been enrolled, it has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying as a judgment of a court of record in Tennessee and may be enforced or satisfied in a like manner. T.C.A. § 26-6-104(c). Therefore, the grounds and procedures for vacating or reopening foreign judgments are those contained in Rule 60.02 T.R.C.P. *Biogen Distribs., Inc. v. Tanner*, 842 S.W.2d 253, 256 (Tenn.App.1992). Parties seeking to undermine the validity of a foreign judgment must meet a "stern and heavy" burden to demonstrate that the foreign judgment should not be enforced in Tennessee. *Dement v. Kitts*, 777 S.W.2d 33, 36 (Tenn.App.1989). The factual issues underlying the foreign judgment may not be the basis of an inquiry to deny the foreign judgment full faith and credit. *Benham v. Fisher*, 650 S.W.2d 759 (Tenn.App.1983). We are of the opinion that each of the arguments submitted on appeal either was or could have properly been presented as a defense to the actions in the Florida court.

*Coastcom, Inc. v. Cruzen*, 981 S.W.2d 179, 181 (Tenn.App.1998).

Post judgment facts submitted to this court after oral argument establish that a motion addressed to the Connecticut trial court in the underlying action has been denied by that court on the basis that *Crepeau v. Gronager*, 675 A.2d 1361 (Conn.App.1996) established a change in Connecticut law after the 1990 judgment in the underlying Connecticut case rather than reiterating previously existing common law in Connecticut. Even if this basis for denying relief by the Connecticut court is in error it is entitled to full faith and credit in Tennessee. *Four Seasons Gardening & Landscaping v. Crouch*, 688 S.W.2d 439, 445 (Tenn.App.1984).

Summary judgment in this case was appropriate. *Biogen Distribs., Inc. v. Tanner*, 842 S.W.2d 253 (Tenn.App.1992); *Coastcom, Inc. v. Cruzen*, 981 S.W.2d 179 (Tenn.App.1998).

The judgment of the trial court is affirmed and the case is remanded to the trial court for execution on the judgment.

Costs in this cause are assessed against Ardeth Obenauf.

_____
WILLIAM B. CAIN, JUDGE

CONCUR:


_____
BEN H. CANTRELL, P.J., M.S.


_____
PATRICIA J. COTTRELL, JUDGE