IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
July 8, 2008 Session

## W&T, INC., ET AL. V. CAROL HAM, ET AL.

**Appeal from the Chancery Court for Montgomery County**
**No. MC-CH-CV-FD-06-10     Laurence M. McMillan, Jr., Chancellor**

_____

**No. M2006-01617-COA-R3-CV - Filed January 29, 2009**

_____

Defendants appeal the trial court's grant of summary judgment to plaintiffs under the Uniform Enforcement of Foreign Judgments Act, based on the trial court's holding that the judgment rendered in Massachusetts was enforceable in Tennessee. Since Massachusetts had personal jurisdiction over defendants and the alleged fraud upon the court was not sustainable, we find no ground under Tenn. R. Civ. P. 60 that constitutes a defense to domestication of the judgment rendered in Massachusetts. The grant of summary judgment is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

PATRICIA J. COTTRELL, P.J.,M.S., delivered the opinion of the court, in which FRANK G. CLEMENT, JR. and ANDY D. BENNETT, JJ., joined.

Joe Weyant, (withdrawn) Clarksville, Tennessee for the appellants; Carol Ham, Clarksville, Tennessee, Pro Se, for the appellants, Carol Ham and B&B Properties; Daniel N. Thomas, Hopkinsville, Kentucky, for the appellant, David Brainard.

Lawrence R. Kulig, Boston, Massachusetts; Robert L. Delaney, Nashville, Tennessee, for the appellees, W&T, Inc., et al.

### OPINION

In March of 2006, W&T, Inc. and Rightstone, Inc. (hereinafter referred to as "Plaintiffs") filed this action to enforce a foreign judgment and to recover attorneys' fees incurred in the enforcement action under the Uniform Enforcement of Foreign Judgments Act, Tenn. Code Ann. § 26-6-101 *et seq*. ("Act"). The trial court granted plaintiffs summary judgment against Tennessee residents Carol Ham, David Brainard, and B&B Properties (hereinafter collectively referred to as

"Defendants") finding that the foreign judgment was enforceable against them in Tennessee.[1] After the grant of summary judgment, Defendants filed what was characterized as a Tenn. R. Civ. P. 60 motion, which was denied. Defendants appeal the grant of summary judgment and the denial of their Rule 60 motion.

The following facts are not in dispute. Ramblewood Apartments, L.P. is a Tennessee limited partnership. The plaintiffs, W&T, Inc. and Rightstone, Inc., are its limited partners, and the individual defendants, Carol Ham[2] and David Brainard, are its general partners.[3] Ramblewood Apartments, L.P. owned and operated a low-income federally regulated apartment complex in southern Montgomery County, Tennessee, for several years. The property was managed by the general partners and B&B Properties.[4]

In November of 2005, the limited partners of Ramblewood Apartments, L.P. sued the general partners and B&B Properties in Massachusetts seeking to recover damages arising from breach of the partnership agreement and mismanagement of the property. All of the Defendants were properly served in the Massachusetts action, and their counsel contacted Plaintiffs' counsel and confirmed service of process. The Massachusetts complaint sought recovery arising from Defendants' breach of their obligations as general partners in Ramblewood Apartments L.P., breach of their fiduciary duties as general partners, conversion of partnership assets, and unjust enrichment.

The general partners and B&B Properties chose not to defend the action in Massachusetts. In February of 2006, the trial court in Massachusetts entered a Judgment by Default Upon Assessment of Damages against Carol Ham, Susan Dyche, David Brainard and B&B Properties for $602,630.36 ("Massachusetts Judgment"). The Plaintiffs then filed this action in Tennessee in March of 2006 to enforce the Massachusetts Judgment against the Defendants who are Tennessee residents. Upon motion by Plaintiffs, the trial court granted them summary judgment, finding the Massachusetts Judgment to be enforceable in Tennessee.

---

[1] Although the foreign judgment included Susan Dyche who was named in this action, the trial court did not enter summary judgment against her because she was not served process in the Tennessee enforcement action.

[2] Carol Ham did not sign the limited partnership agreement but admits in her affidavit that "I was treated as a general partner of Ramblewood Apartments, Ltd. for both operational and income tax purposes, from 1983-2005." Ms. Ham also acknowledged that she was a general partner in Ramblewood Apartments, L.P. in her Responses to Petitioners' Statement of Undisputed Facts.

[3] Susan Dyche was also a general partner in Ramblewood Apartments, L.P.

[4] B&B Properties was a general partnership composed of Carol Ham and Susan Dyche.

The Defendants, Ms. Ham, Mr. Brainard[5] and B&B Properties, appeal the trial court's summary judgment order on the ground that the Massachusetts court did not have personal jurisdiction over Defendants. Alternatively, even if the Massachusetts court had jurisdiction, Defendants argue the trial court should have refused to enforce the Massachusetts judgment under Rule 60.02(2) because it was the product of a fraud upon the court. We will address each argument in turn.

## I. SUMMARY JUDGMENT ORDER

It is well established that under the full faith and credit clause of the United States Constitution, judgments rendered in a foreign state are to be accorded full faith and credit in Tennessee under Article IV, Section 1 of the United States Constitution. *First State Bank of Holly Springs v. Wyssbrod*, 124 S.W.3d 566, 573 (Tenn. Ct. App. 2003) (citing *Coastcom, Inc. v. Cruzen*, 981 S.W.2d 179, 181 (Tenn. Ct. App. 1998)). The provisions of the Uniform Enforcement of Foreign Judgments Act are intended to put the full faith and credit clause efficiently and uniformly into operation. Under the Act, if a copy of an authenticated foreign judgment is filed in a circuit or chancery clerk's office, then the clerk is to treat the foreign judgment in the same manner as a judgment rendered in this state. Tenn. Code Ann. § 26-6-104(a) and (b). The foreign judgment, however, cannot be enforced until 30 days after summons has been served on the judgment debtor. Tenn. Code Ann. § 26-6-105. Of course, if a foreign judgment is subject to appeal or has been stayed in the rendering state, then its enforcement may be stayed. Tenn. Code Ann. § 26-6-106(a). The Act also describes the defenses that can be raised to a foreign judgment filed in Tennessee for enforcement. Tennessee Code Annotated § 26-6-104(c) provides as follows:

> A judgment so filed has the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating, or staying as a judgment of a court of record of this state and may be enforced or satisfied in like manner.

It has been recognized that persons seeking to domesticate a foreign judgment under the Act may do so using a summary judgment, so long as there are no disputes of material fact and they are entitled to judgment as a matter of law. *Biogen Distributors v. Tanner*, 842 S.W.2d 253, 255 (Tenn. Ct. App. 1992).

---

[5]Plaintiffs' motion for summary judgment expressly included Carol Ham and B&B Properties but not David Brainard. The defendant David Brainard was served and filed an answer in this matter yet Plaintiffs did not expressly include him in their motion for summary judgment. The trial court, however, included David Brainard when it granted Plaintiffs summary judgment. On appeal, Mr. Brainard does not argue that the trial court erred in granting summary judgment against him because Plaintiffs failed to include him in their motion. Apparently, at some point the motion was amended to include him since Mr. Brainard participated in the summary judgment proceedings below by filing his affidavit to oppose the summary judgment. Mr. Brainard is a party to this appeal raising the same issues as the other Defendants.

In Tennessee, Rule 60 of the Tennessee Rules of Civil Procedure provides the grounds available for setting aside a judgment. It has consistently been held that the grounds to set aside a judgment under Rule 60 are the same defenses to enforcement of a foreign judgment under Tenn. Code Ann. § 26-6-104(c). *Frazier v. Frazier*, 72 S.W.3d 333, 335 (Tenn. Ct. App. 2001); *Hart v. Tourte*, 10 S.W.3d 263, 269 (Tenn. Ct. App. 1999); *Remington v. Obenauf*, 1 S.W.3d 666, 669 (Tenn. Ct. App. 1999); *Coastcom, Inc.*, 981 S.W.2d at 181; *Biogen Distributors,* 842 S.W.2d at 256. It should be noted, however, that a Tennessee court does not have jurisdiction to set aside a foreign judgment. There is a distinction between setting aside a domestic judgment under Rule 60 and refusing to enforce a foreign judgment under the Act. Rule 60 provides the *grounds* under the Act whereby a *foreign* judgment will not be *enforced* in Tennessee but *not* the grounds to *set aside* a foreign judgment. Rule 60.02 provides in pertinent part as follows:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1) and (2) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this Rule 60.02 does not affect the finality of a judgment or suspend its operation, but the court may enter an order suspending the operation of the judgment upon such terms as to bond and notice as to it shall seem proper pending the hearing of such motion. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding, or to set aside a judgment for fraud upon the court.

The principles governing setting aside a domestic judgment under Rule 60 are well settled. Relief under Rule 60.02 is considered "an exceptional remedy" and not a routine one. *Nails v. Aetna Ins. Co.*, 834 S.W.2d 275, 294 (Tenn. 1992); *Fielder v. Lakesite Enters. Corp.*, 871 S.W.2d 157, 159 (Tenn. Ct. App. 1993). The purpose of Rule 60 is to alleviate the effect of an oppressive or onerous final judgment, while also balancing the competing interests of justice and finality. *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 231 (Tenn. Ct. App. 2000). "Rule 60.02 acts as an escape valve from possible inequity that might otherwise arise from the unrelenting principle of finality embedded in our procedural rules." *Thompson v. Firemen's Fund Ins. Co.*, 798 S.W.2d 235, 238 (Tenn. 1990). The Supreme Court has held that Rule 60.02 does not "permit a litigant to slumber on her claims and then belatedly attempt to relitigate issues long since laid to rest." *Id.* Although Rule 60.02 gives the courts broad authority, "this power 'is not to be used to relieve a party from free, calculated and deliberate choices it has made.'" *Federated Ins. Co. v. Lethcoe,* 18 S.W.3d 621, 625 (Tenn. 2000) (quoting *Banks v. Dement Constr. Co.*, 817 S.W.2d 16, 19 (Tenn. 1991)).

These principles likewise apply when Rule 60 defenses are raised to enforcement of a foreign judgment under the Act. Particularly critical is the principle that Rule 60 may not be used as a vehicle to relitigate the merits of a foreign judgment sought to be enforced under the Act. *Frazier*, 72 S.W.3d at 336; *Wyssbrod*, 124 S.W.3d at 573.

As a general rule, an appellate court is to review a trial court's decision on a Rule 60 motion under an abuse of discretion standard. *Lethcoe*, 18 S.W.3d at 624; *Underwood v. Zurich Ins. Co.*, 854 S.W.2d 94, 97 (Tenn. 1993); *Delong v. Vanderbilt University*, 186 S.W.3d 506, 511 (Tenn. Ct. App. 2005). Whether to grant full faith and credit to a foreign judgment is a question of law. It is reviewed *de novo* upon the record with no presumption of correctness of the trial court's conditions of law. *Wyssbrod*, 124 S.W.3d at 573; *Barbash v. Bruell*, E2005-00387-COA-R3-CV, 2006 WL 568230, at *2 (Tenn. Ct. App. March 9, 2006) (perm. app. denied Sept. 5, 2006).

There is no disagreement among the parties that under the Act, the judgment of a sister state is entitled to full faith and credit. The parties also agree that if Massachusetts lacked personal jurisdiction over Ms. Ham, Mr. Brainard and B&B Properties, then the Massachusetts Judgment is not entitled to full faith and credit and cannot be enforced in Tennessee. *Topham v. L.L.B. Corp.*, 493 S.W.2d 461, 462 (Tenn. 1973); *Frazier*, 72 S.W.3d at 335; *Remington v. Obenauf*, 1 S.W.3d at 668. Cast in terms of Rule 60.02, if there is no *in personam* jurisdiction, the judgment would be void under Rule 60.02(3) and, consequently, unenforceable under the Act. *Biogen*, 842 S.W.2d at 256. A party challenging a foreign judgment based upon lack of personal jurisdiction bears a heavy burden since the foreign judgment is presumed valid. *Remington*, 1 S.W.3d at 669; *Biogen*, 842 S.W.2d at 256; *Dement v. Kitts*, 777 S.W.2d 33, 36 (Tenn. Ct. App. 1989). Any party challenging a foreign judgment cannot attack the factual basis for the judgment itself, *i.e.*, cannot challenge the judgment on the merits. *Hart v. Tourte*, 10 S.W.3d at 269 (citing *Benham v. Fisher*, 650 S.W.2d 759, 760 (Tenn. Ct. App. 1983)).

The parties agree that the jurisdictional statutes of the state where the judgment was entered determine whether that court had personal jurisdiction over a non-resident defendant.[6] *Biogen*, 842 S.W.2d at 256; *Four Seasons Gardening & Landscaping, Inc. v. Crouch*, 688 S.W.2d 439, 442 (Tenn. Ct. App. 1984). The Massachusetts long arm statute at issue in this case provides in pertinent part as follows:

> A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's
>
> (*a*)      transacting any business in this commonwealth;
>
> (*d*)      causing tortious injury in this commonwealth by an act or omission outside this commonwealth if he regularly does or solicits business, or engages in any

---

[6] Defendants do not allege that the Massachusetts statute unconstitutionally extends the personal jurisdiction of the Massachusetts courts.

> other persistent course of conduct, or derives substantial revenue from goods
> used or consumed or services rendered, in this commonwealth;

M.G.L.A. c. 223A, § 3(a) and (d).

With regard to Defendants' contact with Massachusetts, the following facts are not disputed. The individual defendants were in the limited partnership, Ramblewood Apartments, L.P., with two corporations, W&T, Inc. and Rightstone, Inc., that had their places of business in Massachusetts. B&B Properties assisted in managing the partnership property. The partnership, Ramblewood Apartments, L.P., owned and operated an apartment complex in Tennessee. Since the formation of Ramblewood Apartments, Defendants have had years of regular contact with plaintiff W&T, Inc. in Massachusetts about business matters pertaining to the partnership and operating the property. For example, annual financial statements were sent each year to W&T, Inc., and numerous letters and phone calls were exchanged between Ms. Ham and B&B Properties in Tennessee and W&T, Inc. in Massachusetts. Prior to formation of the partnership in 1980, at least one of the original general partners met with representatives of the Plaintiffs in Massachusetts. After formation of the partnership, general partner David Brainard, together with its attorney/CPA, admits meeting in Boston with Plaintiffs' representatives to discuss the partnership.

Defendants[7] argue that Tennessee is the state where any lawsuit about the partnership must be brought. Tennessee was the location of the property and its operations and was the residence of the general partners. The limited partnership agreement itself was executed in Tennessee and provided that Tennessee law would govern, although the agreement contained no forum selection provision. Furthermore, Defendants argue that Plaintiffs sent representatives to Tennessee periodically to review their business operations.

We must conclude that Massachusetts clearly had personal jurisdiction over the Defendants. This was not a situation where the Defendants occasionally did business with a Massachusetts entity. Defendants were part of an ongoing continuous business entity with Massachusetts participants that lasted for years. Reports were made on an ongoing basis with the Massachusetts limited partners together with other communications. The parties owned property together. Furthermore, the lawsuit is specifically related to those contacts with the Massachusetts entities that occurred in Massachusetts. Consequently, we find no error, and the trial court's order granting summary judgment to Plaintiffs is affirmed.

---

[7] At oral argument, Mr. Brainard also seemed to argue that since he was not a partner in B&B Properties, then the Massachusetts Judgment is not enforceable against him. It is his partnership in Ramblewood Apartments, L.P. that forms the basis for his liability in the Massachusetts Judgment. Mr. Brainard admits that he was a general partner in Ramblewood Apartments, L.P.

## II. RULE 60 ORDER

After the trial court granted Plaintiffs summary judgment in their action to enforce the Massachusetts Judgement on July 20, 2006, defendants Carol Ham and B&B Properties filed a Notice of Appeal dated July 31, 2006.[8]

On February 16, 2007 this Court issued an order granting Defendants' motion to remand the case back to the trial court "for the limited purpose of considering the appellants' Tenn. R. Civ. P. 60 motion." This Court directed that once the Rule 60 motion was resolved, the trial court was to transmit a supplemental record to this court.

Thereafter, Ms. Ham, Mr. Brainard, and B&B Management filed a Rule 60.02 motion to set aside the trial court's summary judgment. While Defendants characterized their motion as an attempt to set aside the summary judgment order dated July 20, 2006, actually it raised a new or different objection to domestication of the Massachusetts Judgment. It is important to recognize that Defendants' Rule 60 motion was not asking that the Tennessee summary judgment order be set aside due to any issue related to the finding of personal jurisdiction. Instead, Defendants attempted to raise a *second ground* why the Massachusetts Judgment should not be enforced. According to Defendants, allegations in the Massachusetts complaint were erroneous and Plaintiffs' error amounted to fraud upon the court or misrepresentation under Rule 60.02(2). In other words, this was Defendants' "second bite of the apple," having failed to raise this issue as a defense when the trial court was considering the motion for summary judgment.

According to the motion, newly discovered evidence showed that the amount of damages awarded in the Massachusetts Judgment was erroneous and that Plaintiffs misled the court. The verified complaint filed in the Massachusetts court stated the property was put under a sales contract for $2.9 million but, due to Defendants' misdeeds, it was ultimately reduced to $2.55 million. The Massachusetts Judgment awarded Plaintiffs the decrease of $350,000 from the original sales price. According to Ms. Ham, Mr. Brainard, and B&B Properties, Plaintiffs misled the court about the sale of the property and, consequently, about the amount of damages arising from that sale. The sale, as alleged by Defendants, was not commercially reasonable since the sale was to an insider entity related to Plaintiffs and Plaintiffs had ignored higher offers made by third parties.[9] This sale of the property to the alleged insider, according to Defendants, occurred on September 15, 2005. According to Defendants, the Plaintiffs misled the Massachusetts and Tennessee courts within the meaning of Rule 60.02(2), and the Tennessee court should consequently decline to enforce the Massachusetts Judgment on that basis.

We do not believe the trial court erred when it denied Defendants' objections to domestication of the Massachusetts Judgment based upon the allegations of fraud raised in their

---

[8] David Brainard did not join in this 2006 Notice of Appeal.

[9] Plaintiffs dispute the accuracy of these allegations.

-7-

post-summary judgment motion. First, since the Massachusetts court had personal jurisdiction, the Defendants had an opportunity to discover the facts about the alleged insider sale in the Massachusetts action, which Defendants elected not to do. According to Defendants, the sale occurred in September of 2005. The Massachusetts lawsuit was brought two months later, in November of 2005. In effect, this is a defense that should have been presented to the Massachusetts court. Whether one characterizes Defendants' Rule 60 motion as an attempt to set aside the summary judgment order or as a defense under the Act to enforcement of the Massachusetts Judgment, the result is the same. As discussed earlier, the defenses in Rule 60 are not intended as a method to relitigate matters or to relieve parties from choices freely made. Defendants chose not to defend the Massachusetts lawsuit and cannot now do so here.

Second, Defendants do not allege the type of fraud intended by Rule 60.02(2). Defendants do not allege "intrinsic fraud", which involves fraud as to matters not at issue but prevent a defrauded party from receiving a fair hearing. *Black v. Black*, 166 S.W.3d 699, 704 (Tenn. 2005). Extrinsic fraud, on the other hand, involves matters "'within the subject matter of the litigation' and it includes such things as falsified evidence, forged documents, or perjured testimony." *Id*. (citing *Whitaker v. Whirlpool*, 32 S.W.3d 222, 230 (Tenn. Ct. App. 2000)). Here, Defendants simply allege that Plaintiffs failed to apprise the court of facts which Defendants argue are relevant. This type of allegation does not rise to the type of fraud envisioned by Rule 60.02(2).

The trial court is affirmed. Costs of appeal are taxed to appellants Carol Ham, David Brainard, and B&B Properties.

_____
PATRICIA J. COTTRELL, P.J., M.S.
