# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
May 10, 2011 Session

## MINOR MIRACLE PRODUCTIONS, LLC, et al. v. RANDY STARKEY

**Appeal from the Circuit Court for Cheatham County**
No. 6022     George C. Sexton, Judge

**No. M2011-00072-COA-R3-CV - Filed January 12, 2012**

A pro se defendant appeals the decision of the trial court denying his motion to set aside a domesticated foreign judgment on the grounds that the foreign court lacked jurisdiction to rule on the case and that the judgment of the foreign court was obtained fraudulently. We affirm the trial court because the foreign court had jurisdiction, the judgment was not the product of fraudulent acts that were pled with specificity, and the judgment does not violate Tennessee public policy.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

PATRICIA J. COTTRELL, P.J., M.S., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR. and RICHARD H. DINKINS, JJ., joined.

Randy Starkey, Kingston Springs, Tennessee, Pro Se.

James Matthew Blackburn, C. Bennett Harrison, Jr., Nashville, Tennessee, for the appellees, Minor Miracle Productions, LLC, an Idaho Limited Liability Company and David L. Richards.

## OPINION

### I. PROCEEDINGS IN THE IDAHO COURT

In 2006, Randy Starkey ("Starkey") and David Richards ("Richards") formed a limited liability company, Minor Miracle Productions, LLC ("MMP"), which they incorporated in Idaho, to produce a movie Mr. Starkey wrote called "The Hayfield" ("Movie"). Mr. Starkey is the writer and chief director of the film, holds the copyright to the script, and is a resident of Kingston Springs in Cheatham County, Tennessee. Mr. Richards is a resident of Malad, Idaho, is a rancher, and is the primary financier of the movie. Mr. Richards and Mr. Starkey

are the only members in MMP.

After the filming of the movie began, a dispute erupted between Mr. Richards and Mr. Starkey regarding various aspects of the film and its production. The dispute was never resolved and led Mr. Richards to file a lawsuit in Idaho state court against Mr. Starkey, alleging that Mr. Starkey had breached his fiduciary duty to MMP by appropriating the movie and its equipment to his own use, by failing to account for use of cash and movie equipment, and by failing to turn over certain equipment and copies of the film. Mr. Richards asked the court to award him damages in the amount of $827,872.82. He also complained that Mr. Starkey had breached the contract between the parties by failing to reimburse Mr. Richards for expenditures made in pursuit of the film project. Mr. Richards further alleged in his complaint that Mr. Starkey was liable for conversion because he had not returned movie props such as guns, hats, costumes, spurs, whiskey bottles, etc., and he prayed for an injunction to prevent Mr. Starkey from selling any movie props or the rights to the movie to a third party.

Mr. Starkey retained counsel to represent him in the litigation, but for reasons that are not evident from the record, he and his counsel parted ways. Mr. Starkey thereafter proceeded pro se. In his answer, Mr. Starkey denied that the Idaho courts possessed personal jurisdiction over him or subject-matter jurisdiction over the case and he asserted several affirmative defenses. He also counterclaimed against Mr. Richards asking the Idaho court to enjoin Mr. Richards from destroying "clearance forms," and to dismiss Mr. Richards' complaint with prejudice and award Mr. Starkey attorney fees. The court conducted a hearing on the motion and denied Mr. Starkey's motion to dismiss. The court found that Mr. Starkey was subject to personal jurisdiction in Idaho because he appeared voluntarily before the Idaho court and also because he filed his answer before filing a 12(b) motion to dismiss for lack of personal jurisdiction.[1] Mr. Starkey filed for permission to submit an interlocutory appeal of the court's jurisdictional ruling to the Idaho Supreme Court, which the trial court denied on October 30, 2009.

Mr. Richards filed a motion to compel which the court granted, ordering Mr. Starkey to respond within 30 days to interrogatories and to produce certain documents. Mr. Starkey did not respond. Mr. Starkey failed to appear at a scheduled hearing months later, and the court granted Mr. Richards a second motion to compel. The court noted that Mr. Starkey's absence constituted a failure to defend the case and that he also failed to appear at his previously scheduled deposition. Since this was the second scheduled proceeding that Mr. Starkey had skipped and since Mr. Starkey had not given notice of a change of contact

---

[1]Mr. Starkey attempted to assert arguments on the merits of the case in the hearing. The judge instructed him that those arguments must be saved for later in the course of trial.

information, the court assessed costs against him for not attending his deposition, and imposed sanctions on him for failing to comply with its order to compel by prohibiting him from presenting certain witnesses and exhibits, or presenting defenses he set out in his answer/counterclaim. The court also awarded attorney fees to Mr. Richards.

Mr. Richards filed a motion for a judgment on the pleadings. The Idaho court conducted a hearing on the motion on July 26, 2010, and Mr. Starkey failed to appear once again. The phone number he provided in his pleadings to the court was dialed, but there was no answer, and the judge instructed his clerk to call for Mr. Starkey in the hallway. Mr. Starkey did not appear in person or telephonically. The judge granted Mr. Richards' motion for a judgment on the pleadings, declaring that MMP was the sole owner of the film, and dismissing Mr. Starkey's answer to the complaint and his counterclaim. The court found Mr. Starkey to have breached his fiduciary duty and ordered him to account for all expenditures from 2006 through 2010. Mr. Starkey was ordered to pay Mr. Richards $1,014,601.60 (prejudgment interest, attorneys fees, sanctions included) and to return to Mr. Richards pre/post production DVDs, CDs, videos, videotapes, P2 cards, edits, excerpts copies, master copies, photographs, any other medium to make film, camera bags, cases, tripods, batteries, camera accessories and attachments, all other production equipment, props, etc. Mr. Starkey was also enjoined from selling directly or indirectly the film, soundtrack, etc. and also from selling any of the equipment or props.

## II. PROCEEDINGS IN TENNESSEE

In September 2010, Mr. Richards filed a petition in the Circuit Court of Cheatham County to domesticate the judgment of the Idaho court pursuant to Article IV Section I of the Constitution of the United States and Tennessee Code Annotated 26-6-101 *et. seq.*[2] After the filing of a foreign judgment, a judgment-debtor has 30 days to seek a stay of the filing of the judgment if the judgment in the foreign jurisdiction is under appeal, or has not been finalized. Tenn. Code Ann. 26-6-105(c).

---

[2]Art. IV § I is known as the Full Faith and Credit Clause. The statute is the Tennessee codification of the Uniform Enforcement of Foreign Judgments Act and states in part:

(a) A copy of any foreign judgment authenticated in accordance with the acts of congress or the statutes of this state may be filed in the office of the clerk of any circuit or chancery court of this state.
(b) The clerk shall treat the foreign judgment in the same manner as a judgment of a court of record of this state.
(c) A judgment so filed has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying as a judgment of a court of record of this state and may be enforced or satisfied in like manner.

The record is unclear as to whether Mr. Starkey appealed the trial judge's ruling to the Idaho Court of Appeals. However, he did not file a motion for a stay in Tennessee. More than 30 days after Mr. Richards entered his petition, Mr. Starkey filed a motion to set aside the judgment of the Idaho court pursuant to Tennessee Rule of Civil Procedure 60.02(2)–(3) alleging that the Idaho judgment is void on its face and also that the judgment is fraudulent. Mr. Starkey submitted an affidavit with this motion alleging numerous factual and legal issues that he believes were incorrectly resolved at the trial level in violation of his rights.

On December 6, 2010, following oral argument, the Circuit Court of Cheatham County denied Mr. Starkey's motion to set aside the judgment of the Idaho court and ordered the enrollment of the Idaho judgment. Mr. Starkey appealed.

### III. ENFORCEMENT OF FOREIGN JUDGMENTS

Mr. Starkey appeals the trial court's refusal to set aside the enrollment of the Idaho judgment or its refusal to prevent enforcement. In his brief, Mr. Starkey asserts many of the same factual and legal arguments he argued below, including violation of his copyright, violation of his civil rights under 42 U.S.C. § 1983, and also lack of subject matter jurisdiction in the Idaho circuit court.

Under Article IV, Section 1 of the United States Constitution, judgments rendered in a foreign state are to be accorded full faith and credit in Tennessee. *First State Bank of Holly Springs v. Wyssbrod*, 124 S.W.3d 566, 572 (Tenn. Ct. App. 2003) (citing *Coastcom, Inc. v. Cruzen*, 981 S.W.2d 179, 181 (Tenn. Ct. App. 1998)). The provisions of the Uniform Enforcement of Foreign Judgments Act, Tenn. Code Ann. § 26-6-101 et seq, are intended to put the full faith and credit clause efficiently and uniformly into operation. Under the Act, if a copy of an authenticated foreign judgment is filed in a circuit or chancery clerk's office, the clerk is to treat the foreign judgment in the same manner as a judgment rendered in this state. Tenn. Code Ann. § 26-6-104(a) and (b). The foreign judgment, however, cannot be enforced until 30 days after summons has been served on the judgment debtor. Tenn. Code Ann. § 26-6-105. The Act describes the defenses that can be raised to enforcement of a foreign judgment filed in Tennessee:

> A judgment so filed has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying as a judgment of a court of record of this state and may be enforced or satisfied in like manner.

Tenn. Code Ann. § 26-6-104(c).

In Tennessee, Rule 60 of the Tennessee Rules of Civil Procedure provides the grounds available for setting aside a judgment. The grounds to set aside a judgment under Rule 60 are the same defenses to enforcement of a foreign judgment under Tenn. Code Ann. § 26-6-104(c). *Frazier v. Frazier*, 72 S.W.3d 333, 335 (Tenn. Ct. App. 2001); *Hart v. Tourte*, 10 S.W.3d 263, 269 (Tenn. Ct. App. 1999); *Remington v. Obenauf*, 1 S.W.3d 666, 669 (Tenn. Ct. App. 1999); *Coastcom, Inc.*, 981 S.W.2d at 181; *Biogen Distribs. Inc. v. Tanner*, 842 S.W.2d, 253, 256 (Tenn. Ct. App. 1992). Rule 60.02 provides in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment.[3]

The principles governing setting aside a domestic judgment under Rule 60 are well settled. Relief under Rule 60.02 is considered "an exceptional remedy" and not a routine one. *Nails v. Aetna Ins. Co.*, 834 S.W.2d 275, 294 (Tenn. 1992); *Fielder v. Lakesite Enterprises Corp.*, 871 S.W.2d 157, 159 (Tenn. Ct. App. 1993). The purpose of Rule 60 is to alleviate the effect of an oppressive or onerous final judgment, while also balancing the competing interests of justice and finality. *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 231 (Tenn. Ct. App. 2000). "Rule 60.02 acts as an escape valve from possible inequity that might otherwise arise from the unrelenting principle of finality embedded in our procedural rules." *Thompson v. Firemen's Fund Ins. Co.*, 798 S.W.2d 235, 238 (Tenn. 1990).

These principles likewise apply when Rule 60 defenses are raised to enforcement of a foreign judgment under the Act. Particularly important is the principle that Rule 60 may not be used as a vehicle to relitigate the merits of a foreign judgment when enforcement is

---

[3]Not relevant here, the rule also provides: The motion shall be made within a reasonable time, and for reasons (1) and (2) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this Rule 60.02 does not affect the finality of a judgment or suspend its operation, but the court may enter an order suspending the operation of the judgment upon such terms as to bond and notice as to it shall seem proper pending the hearing of such motion. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding, or to set aside a judgment for fraud upon the court.

sought. *Frazier*, 72 S.W.3d at 336; *Wyssbrod*, 124 S.W.3d at 573. Rule 60 is not a mechanism for parties merely dissatisfied with the outcome of a case. *Toney v. Mueller Co.*, 810 S.W.2d 145, 146 (Tenn. 1991); *see also NCNB Nat"l Bank v. Thrailkill*, 856 S.W.2d 150, 153 (Tenn. Ct. App. 1993).

Also important in determining whether a foreign judgment should not be enforced is the principle of full faith and credit, as discussed earlier.

> [A] final judgment in a sister state is ordinarily conclusive upon the merits in every state, and we applaud the principle of comity; however, we are not obliged to give full faith and credit to any judgment of a state which we would hold to be violative of Tennessee's public policy or the Federal Constitution.

*Terrazas v. Riggs*, 612 S.W.2d 461, 465 (Tenn. Ct. App. 1980).

As a general rule, an appellate court is to review a trial court's decision on a Rule 60 motion under an abuse of discretion standard. *Lethcoe*, 18 S.W.3d at 624; *Underwood v. Zurich Ins. Co.*, 854 S.W.2d 94, 97 (Tenn. 1993); *Delong v. Vanderbilt University*, 186 S.W.3d 506, 511 (Tenn. Ct. App. 2005). However, whether to grant full faith and credit to a foreign judgment is a question of law. It is reviewed *de novo* upon the record with no presumption of correctness of the trial court's conclusions of law. *Wyssbrod*, 124 S.W.3d at 573; *Barbash v. Bruell*, E2005-00387-COA-R3-CV, 2006 WL 568230, at *2 (Tenn. Ct. App. March 9, 2006) (perm. app. denied Sept. 5, 2006). A party seeking to vacate a foreign judgment has a stern and heavy burden to prove the judgment should be stricken. *Wyssbrod*, 124 S.W.3d at 573; *Biogen Distribs. Inc. v. Tanner*, 842 S.W.2d at 256 ; *Dement v. Kitts*, 777 S.W.2d 33, 36 (Tenn. Ct. App. 1989).

Based upon the legal principles discussed above, the foreign judgment at issue herein should be enforced unless Mr. Starkey can show that the judgment is void or is contrary to public policy in Tennessee. Mr. Starkey has not argued that the judgment violates public policy, and we are convinced that the judgment ordering damages, an accounting of funds, and an injunction, based on the causes of action alleged, does not contravene any Tennessee public policy.

### IV. SUBJECT-MATTER JURISDICTION

Mr. Starkey challenges the Idaho court's subject matter jurisdiction. Questions of jurisdiction may be asserted any time during litigation and cannot be waived by a litigant. Tenn. R. Civ. P. 12.08; *Gillespie v. State*, 619 S.W.2d 128, 129 (Tenn. Ct. App. 1998); *National Advertising Inc. v. McCormick Ashland City*, 936 S.W.2d 256, 257 (Tenn. Ct. App.

1996). A judgment rendered without jurisdiction is, of course, void.

Mr. Starkey contends that this case involves questions of copyright and copyright infringement and that federal law grants jurisdiction in such cases solely to the federal courts under 28 U.S.C. Section 1338, the Copyright Rights Act, and, accordingly, state courts may not hear cases regarding copyrights and copyright infringement.

Federal and state courts, including those in Tennessee, have held that if the original claim centers around an issue where state law would govern, such as a breach of contract, a state court may indeed exercise jurisdiction to hear the case, even where there are incidental factual questions of copyright ownership or control. *Shoenberg v. Shapolsky Publ.*, 971 F.2d 926, 931 (2d Cir. 1992); *Tjaarda v. Briggs Mfg. Co.*, 121 F. Supp. 189, 189 (E.D. Mich. 1954); *Hold Stitch Fabric Mach. Co. v. May Hosiery Mills,* 195 S.W.2d 18 (Tenn. 1946); *Brewer v. Fi-Shock, Inc.,* E1999-01988-COA-R9-CV, 2000 WL 1721665 at *5 (Tenn. Ct. App. Nov. 17, 2000)(Rule 11 permission to appeal denied May 21, 2001).

The analysis centers around whether a case "arises under" the Copyright Act, requiring federal courts to exercise exclusive jurisdiction, or whether the claims involve a state issue to which there are incidental or collateral questions regarding copyrights, in which situation a state court may exercise jurisdiction. While it is generally true that cases alleging pure copyright infringements are reserved exclusively to federal courts, "[s]imply because an action is predicated on rights derived from the Copyright Act does not mean that the action is one for copyright infringement, or one 'arising under' the Copyright Act." *Peay v. Morton*, 571 F. Supp. 108, 112-13 (M.D. Tenn. 1983).

In *Hold Stitch Fabric Mach. Co. v. May Hosiery Mills*, the Tennessee Supreme Court held, ". . . where an action is brought on a contract of which a patent[4] is the subject matter, either to enforce the contract or to annul it, the case arises on the contract and not under patent laws, and the state court has jurisdiction." 195 S.W.2d at 21 (citing *Briggs v. Shoe Mach. Co.*, 239 U.S. 48 (1915); *Pratt v. Paris Gaslight Co.*, 168 U.S. 255, 259 (1897); *Dale Tile Mfg. Co., v. Hyatt*, 125 U.S. 46, 49 (1888); *Shoemaker v. South Bend Spark- Arrester Co.*, 35 N.E. 280 (Ind. 1893); *Smith v. Ayrault*, 39 N.W. 724 (Mich. 1888)).

The Court in *Hold Stitch* was faced with a predicament regarding the ownership of a patent. At trial, the defendant removed the case to federal court asserting exclusive jurisdiction of the federal courts for patent infringement. The federal court, however,

---

[4]Although Mr. Starkey's argument involves a copyright, the distinction between that and a patent is irrelevant to the legal issue presented because federal courts exercise exclusive jurisdiction over both through 28 U.S.C. § 1338.

remanded the case back to the Tennessee chancery court because the federal question of infringement was tangential to the actual cause of action, which was a breach of contract under state law.

Upon appeal, the Tennessee Supreme Court noted:

> [The complaint] arises out of the contract stated in the bill, and there is no act of Congress providing for or regulating contracts of this kind. The rights of the parties depend altogether on common law and equity principles. . . . [W]here a patentee complainant makes his suit one for . . . damages for a breach of its covenants, or for a specific performance thereof, or asks the aid of the court in declaring a forfeiture of the license . . . he does not give the federal district court jurisdiction of the cause as one arising under the patent laws.

*Hold Stitch Fabric Mach. Co.*, 195 S.W.2d at 23 (emphasis added).

State courts routinely decide breach of contract cases, or cases with similar causes of action, regardless of the fact that the contract at issue might involve a patented or copyrighted product. "The Federal courts have exclusive jurisdiction of all cases arising under the patent laws, but not of all questions in which a patent may be the subject-matter of the controversy. For courts of a state may try questions of title, and may construe and enforce contracts relating to patents." *T. B. Harms Co. v. Eliscu,* 339 F.2d 823, 826 (2d Cir. 1964) (citing *Wade v. Lawder*, 165 U.S. 624, 627 (1897)).

In the case before us, the causes of action alleged in the complaint were breach of fiduciary duty to MMP, breach of contract, and conversion. All these are state law claims. Simply because the product to be produced by the company the parties created was copyrightable does not convert this state law action into one involving a copyright claim that must be brought in federal court.

### V. FRAUD ALLEGATIONS

Mr. Starkey also alleges that the Idaho judgment was the result of rampant fraud throughout the court process. However, his general and conclusory allegations of fraud are directed to the result, *i.e.*, that Mr. Richards was successful. It is important to note that Mr. Starkey participated, through counsel and then *pro se*, to a point in the litigation, but chose not to attend or participate at a later point, some time before the plaintiff's dispositive motions were filed, addressed, or ruled upon.

A good example of Mr. Starkey's references to fraud is his statement that, "I have faced a massive criminal fraud by Richards, an Idaho judge and at least four attorneys representing Richards to literally steal the movie and numerous other copyrights and over a million dollars." Other examples are the following statements he has made in his filings:

> Mr. Starkey did not receive adequate due process in that court and there was a mountain of demonstrable fraud throughout the process,. . . . This judgment is so unconscionable and one-sided as to constitute a criminal fraud, . . . This is a massive fraud and interstate swindle by one Idaho individual who has been enabled by his home town court to thoroughly victimize the creator of the movie by hijacking the LLC which is supposed to be half-owned by Mr. Starkey and using it to trample every right Mr. Starkey possesses and steal a king's ransom without a trial, . . . This judgment turns the notion of fiduciary duty completely upside down and in an audacious fraud perpetrated by Mr. Richards against Mr. Starkey as if Mr. Starkey is the villain, . . . The most monstrous fraud of all is Mr. Richards' audacious attempt to steal the movie and have Mr. Starkey pay three times the budget of the movie to Mr. Richards plus interest.

As these examples show, Mr. Starkey has referred in his pleadings numerous times to the existence of fraud; however, aside from using the word "fraud," Mr. Starkey has not alleged any specific facts that would support his allegations of fraud. The facts that Mr. Richards brought a lawsuit against him and won do not constitute allegations of fraud.

To obtain relief under Rule 60.02, the party seeking relief must describe the basis of relief with specificity. *Hopkins v. Hopkins*, 572 S.W.2d 639, 640 (Tenn. 1978). Under Tenn. R. Civ. P. 9.02, allegations of fraud must be "stated with particularity. *See also*, *Kincaid v. South Trust Bank*, 221 S.W.3d 32, 41 (Tenn. Ct. App. 2007)(declaring that a complaint that fails to state an intentional misrepresentation of a material fact with particularity is insufficient to state a claim of fraud); *Strategic Capital Resources v. Dylan Tire Indust., LLC*, 102 S.W.3d 603, 611 (Tenn. Ct. App. 2002) (stating where the substance of each allegation of fraud is not pled with particularity, the claim for fraud is deficient.). Further, the party alleging the misconduct must prove the misconduct by clear and convincing evidence. *Duncan v. Duncan*, 789 S.W.2d 557, 563 (Tenn. Ct. App. 1990).

Mr. Starkey has failed to plead any actual facts, instead of conclusions and accusations, that would support his claim that the Idaho judgment was the result of fraud. Not only has he failed to plead fraud with the required particularity, his allegations amount to an argument that he only lost the suit against him in Idaho because of some fraud in Mr. Richards pursuing the suit and in how the suit was conducted. Such statements are simply

not enough to entitle a party to relief under Rule 60.

With regard to his claims of fraud as well in other arguments he makes, Mr. Starkey essentially argues that the Idaho court was wrong. As stated earlier in this opinion, Rule 60 may not be used as a vehicle to relitigate the merits of a foreign judgment when enforcement is sought. *Frazier*, 72 S.W.3d at 336; *Wyssbrod*, 124 S.W.3d at 573. Rule 60 is not a mechanism for parties merely dissatisfied with the outcome of a case. *Toney v. Mueller Co.*, 810 S.W.2d at 146; *NCNB Nat"l Bank v. Thrailkill*, 856 S.W.2d at 153.

## VI. CONCLUSION

We affirm the decision of the circuit court denying the Motion to Set Aside the enrollment of the foreign judgment. Tax the costs on appeal to the appellant, Randy Starkey.

_____
PATRICIA J. COTTRELL, JUDGE